IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thomas N. AKEY, Attorney at Law.

Supreme Court

*No. 94–1219–D. Filed May 11, 1995.*

(Also reported in 531 N.W.2d 322.)

PER CURIAM.   *Attorney disciplinary proceeding;*
*attorney publicly reprimanded.*

1

We review the recommendation of the referee that Attorney Thomas N. Akey be publicly reprimanded as discipline for professional misconduct. That misconduct consisted of his neglect of client legal matters, his failure to consult with and inform his clients of action he was taking on their behalf and his failure to communicate with them the progress of those matters. We determine that the recommended public reprimand is appropriate discipline to impose for Attorney Akey's failure to meet his professional responsibilities to his clients.

Attorney Akey was licensed to practice law in Wisconsin in June, 1974 and practices in Minocqua. In 1990, he consented to a private reprimand from the Board of Attorneys Professional Responsibility (Board) for having neglected a client's legal matter. The referee in the instant proceeding, Attorney John E. Shannon, Jr., adopted findings of fact to which the parties had stipulated.

In April, 1986, a couple retained Attorney Akey to represent them in a claim against a company from which they had purchased a home. The clients asserted that because of its numerous defects, they had to move their family from the home.

In mid-December, 1986, the seller filed a foreclosure action against the clients and Attorney Akey filed an answer in which he asserted affirmative defenses and requested dismissal. When the court ordered that the affirmative defenses be designated as a counterclaim in an amended pleading within 20 days, Attorney Akey, without informing his clients of that order, did not file a counterclaim, deciding instead to file a separate action against the seller.

On February 17, 1988, Attorney Akey appeared at the trial in the foreclosure action and moved to dismiss

his clients' answer and affirmative defenses without prejudices and to allow a default judgment to be entered against them. Two days later, Attorney Akey filed a separate action against the seller. When the court issued a default judgment and subsequently confirmed the sale of the house, it also rendered a deficiency judgment against Attorney Akey's clients for approximately $7,000.

While the foreclosure action was pending, the clients made numerous calls to Attorney Akey to learn the status of the matter but were unsuccessful. They did not learn of the deficiency judgment against them until they received an unfavorable credit rating when they attempted to make a consumer purchase.

In the separate action brought against the seller, Attorney Akey never obtained service of the pleadings and in October, 1988, the court dismissed the action without prejudice. Attorney Akey did not inform his clients of that dismissal and the clients did not learn of it until the fall of 1990, when other counsel they retained because Attorney Akey was not keeping them informed of the status of their matter made inquiry of the clerk of the court.

The referee concluded, as the parties had stipulated, that Attorney Akey's motion voluntarily dismissing his clients' answer and affirmative defenses and· permitting a default judgment to be entered against them without adequately consulting with his clients violated SCR 20:1.2(a),[1] his failure to serve the

---

[1] SCR 20:1.2 provides, in part:

**Scope of representation**

(a)   A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs ·(c), (d) and (e), and shall consult with the client as to the means by which they are to be pursued. A lawyer shall inform a client of all offers of settle-

pleadings in the action commenced against the seller resulting in the dismissal of that action constituted a failure to act with reasonable diligence and promptness in a client's legal matter, in violation of SCR 20:1.3,[2] and his failure to keep his clients informed of the progress of the foreclosure action, the entry of the deficiency judgment and the dismissal of their separate action violated SCR 20:1.4(a).[3]

As discipline for that misconduct, the referee recommended that the court publicly reprimand Attorney Akey. That recommendation was explicitly conditioned on Attorney Akey's satisfying the Board that the deficiency judgment against his clients has been satisfied and that his clients suffered no pecuniary loss as a result. In that respect, the record includes a copy of the agreement by which Attorney Akey and his former clients settled litigation the clients had commenced against him.

IT IS ORDERED that Attorney Thomas N. Akey is publicly reprimanded for professional misconduct.

---

ment and abide by a client's decision whether to accept an offer of settlement of a matter. In a criminal case or any proceeding that could result in deprivation of liberty, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

[2] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[3] SCR 20:1.4 provides, in part:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

4

IT IS FURTHER ORDERED that within 60 days of the date of this order Thomas N. Akey pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Thomas N. Akey to practice law in Wisconsin shall be suspended until further order of the court.